FILED
2006 Jul-28 AM 09:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ATLANTA LIFE INSURANCE COMPANY; LARNELL LATTIMORE, | }<br>}<br>} |
| Plaintiffs, | }<br>} |
| v. | Case No.: 2:05-CV-0061-RDP<br>}<br>} |
| WALTER MAE DAVIS WRIGHT, | }<br>} |
| Defendant. | } |

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

This interpleader action arises out of a dispute over life insurance proceeds from a policy with a face amount of $5,000.00 issued by Atlanta Life Insurance Company ("Atlanta Life") to the owner and insured, Ernestine Lattimore, who died in December 2004. After Ernestine Lattimore's death, both Larnell Lattimore and Walter Mae Davis Wright filed beneficiary claims with Atlanta Life seeking payment of the policy proceeds.

In sum, Larnell Lattimore argues that as the designated secondary beneficiary, he is the proper beneficiary under the policy due to the death of the original primary beneficiary, Ruby Turner Davis, prior to the death of Ernestine Lattimore. Walter Mae Davis Wright contends that she is the proper beneficiary due to the change in beneficiary form received by Atlanta Life before Ernestine Lattimore died, naming her as the primary beneficiary. Larnell Lattimore counters that the change of beneficiary form designating Walter Mae Davis Wright primarily is either fraudulent, a forgery, or otherwise invalid.

In light of the competing beneficiary claims, Atlanta Life filed this case on January 13, 2005,

requesting that the court determine who was entitled to the life insurance benefits (Doc. #1), and paid into court the total some of five thousand fourteen and No/100 Dollars ($5,014.00). (Doc. #2). On March 31, 2006, Atlanta Life filed a Motion for Discharge (Doc. #10), which seeks a ruling from the court that it no longer owes any legal responsibilities to Larnell Lattimore or Walter Mae Davis Wright because it has discharged its duty as insurer by paying the life insurance proceeds into court.

The court held a telephone conference at 10:00 a.m. (CST) on Friday, May 12, 2006, to discuss Atlanta Life's Motion for Discharge. The court then entered an order (Doc. #24) allowing Plaintiff Larnell Lattimore and Defendant Walter Mae Davis to file a response to the Motion to Discharge on or before May 19, 2006,[1] and Atlanta Life to file its reply on or before May 26, 2006. The court clarified that "[t]he opposition should include any reasons why a party believes that Atlanta Life still owes a legal duty to him or to her and should refer to any exhibits that support the party's position." The court held a second telephone conference on the Motion to Discharge on July 26, 2006.

## II.   ANALYSIS

The court has studied the oppositions to Atlanta Life's Motion for Discharge separately filed by Plaintiff Lattimore and by Defendant Davis. (Doc. #14; Doc. #25). Plaintiff Lattimore objects to the Motion for Discharge for two reasons. First, he argues that the scope of the injunction sought by Atlanta Life is too broad because it seeks a discharge from and an injunction against further litigation unrelated to decedent's life insurance proceeds.

Second, he maintains that an award of fees is unwarranted as a cost of doing insurance

---

[1] On May 24, 2005, Larnell Lattimore filed a response (Doc. #14) to the pending Motion to Discharge.

business, or alternatively, that the percentage of attorney's fees requested relative to the interpled funds is too high.[2] Plaintiff Lattimore further notes that while he does not object to the validity of using the interpleader procedures in this case, Atlanta Life is not completely without fault in that its failure to adequately review the purported change in beneficiary form caused and/or contributed to this dispute.[3] In support of his arguments on attorney's fees, Plaintiff Lattimore relies upon *In re Mandalay Shores Coop. Hous. Assoc.*, 21 F.3d 380, 383 (11th Cir. 1994):

> The principle behind the normal-course-of-business standard is simple: an insurance company, for example, avails itself of interpleader to resolve disputed claims to insurance proceeds--disputes that arise with some modicum of regularity. In a sense, the insurance company will use interpleader as a tool to allocate proceeds and avoid further liability. As the costs of these occasional interpleader actions are foreseeable, the insurance company easily may allocate the costs of these suits to its customers. Unlike innocent stakeholders who unwittingly come into possession of a disputed asset, an insurance company can plan for interpleader as a regular cost of business and, therefore, is undeserving of a fee award.

*Id.*

The *Mandalay* opinion also sets forth several reasons justifying the award of attorneys' fees and costs in certain interpleader actions:

> First, an interpleader action often yields a cost-efficient resolution of a dispute in a single forum, rather than multiplicitous, piecemeal litigation. Second, the stakeholder in the asset often comes by the asset innocently and in no way provokes the dispute among the claimants. Third, fees for the stakeholder typically are quite minor and therefore do not greatly diminish the value of the asset.

21 F.3d at 383. As discussed during the second conference call held on July 26, 2006, the parties are in agreement that based upon the principles espoused in *Mandalay,* an award of attorney's fees to Atlanta Life is not appropriate in this instance. Similarly, the parties agree that the scope of the

---

[2] More specifically, Atlanta Life seeks fees and costs of $850.00, which is 17% of the $5,014.00 in total insurance proceeds.

[3] Defendant Walter May Davis Wright also makes a similar point in her opposition.

3

order on discharge should be more narrowly tailored to cover Atlanta Life's payment of the decedent's life insurance proceeds into court by way of an interpleader action only.[4]

### III. CONCLUSION

Accordingly and with the parties' consent, the court will enter an order granting in part and denying in part Atlanta Life's Motion for Discharge. More specifically, the court will grant Atlanta's Life's Motion for Discharge as it relates to any claims arising out of the specific funds interpled in this case and deny its request for the recovery of attorney's fees and costs.

**DONE** and **ORDERED** this 27th day of July, 2006.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

---

[4]Plaintiff Larnell Lattimore and Defendant Walter Mae Davis have both raised concerns about Atlanta Life's handling and processing of insurance paper work relating to the decedent. Nevertheless, neither party is pursuing such a claim in this case. Accordingly, the discharge of Atlanta Life is without prejudice to Lattimore and Davis' pursuing in a separate action any such claim, if he or she chooses to file such an action asserting such a claim.